```
             UNITED STATES DISTRICT COURT
              MIDDLE DISTRICT OF FLORIDA
                 JACKSONVILLE DIVISION
```

CLAY COUNTY PORT, INC.,

                Plaintiff,

v.

                              Case No.   3:07-cv-828-J-33HTS

M/V ENDEAVOR, her Engines, Tackle,
Apparel, Etc., *In Rem*,

                Defendant.
_____/

## ORDER

This cause comes before the Court pursuant to Defendant's Motion to Set Aside Default and Allow Answer (Doc. # 24), filed on November 13, 2007). Clay County Port, Inc. filed a response in opposition to the Defendant's motion on November 19, 2007 (Doc. # 25).  Also pending are Clay County Port, Inc.'s Motion for Entry of Judgment by Default (Doc. # 15) and Motion for Order of Sale of Vessel (Doc. # 18), both filed on October 26, 2007.

For the reasons that follow, this Court grants the motion to set aside the clerk's default and denies the remainder of the pending motions.

## Background

Clay County Port, Inc. filed its verified complaint in admiralty against Defendant, in rem, on August 29, 2007 (Doc. # 1). The Complaint explains that, from October 15, 2001 until the present time, Clay County Port, Inc. has provided dockage and other necessities to Defendant, an "undocumented vessel, 207' x 58' x

20', 1,495 gross tons." (Doc. # 1 at ¶ 3-4). Clay County Port, Inc. accordingly contends that it has established a maritime lien against the vessel.

On August 30, 2007, a warrant for arrest in rem was issued for the vessel. (Doc. ## 5, 6). Clay County Port, Inc. was appointed by this Court as custodian of the vessel. (Doc. # 7). Pursuant to Local Admiralty Rule 7.03(f), anyone claiming an interest in the vessel was required to file a claim within ten days after process was executed and was required to file an answer within twenty days after filing a claim.

No claims were filed within the time frame set by Local Admiralty Rule 7.03(f), and the Clerk of the Court entered a clerk's default against the Defendant on October 23, 2007. (Doc. # 14). Three days later, on October 26, 2007, Clay County Port, Inc. filed a motion for final default judgment (Doc. # 15).[1] Also on October 26, 2007, Clay County Port, Inc. filed a motion seeking judicial sale of the vessel (Doc. # 18).

**<u>Defendant's Motion to Set Aside Clerk's Default</u>**

On November 13, 2007, Defendant M/V Endeavor filed the pending motion to set aside default and allow answer to complaint (Doc. #

---

[1] The motion for default judgment was filed prematurely, as Local Admiralty Rule 7.03(i) states in part, "Not sooner than five (5) nor later than thirty (30) says following notice of the entry of default, the moving party shall file a motion, and supporting legal documents, for the entry of default judgment pursuant to Rule 55(b), Fed.R.Civ.P." In this case, the motion for default judgment was filed just three days after the entry of clerk's default.

24).  In support of the relief sought, Defendant asserts that "Plaintiff had knowledge of the address of the owner of the M/V Endeavor and yet failed to properly serve the owner with any papers.  Plaintiff had knowledge of the address of the owner of the M/V Endeavor and resorted to service by publication in Clay County, Fl. knowing that the owner of the M/V Endeavor resided in the State of Washington." (Doc. # 24 at 1).  In addition, Defendant asserts that it has meritorious defenses to the charges in the complaint and should be provided the opportunity to present those defenses. Further, Defendant submits that it has not been dilatory in this matter and "has attempted to contact the corporate manager for the Plaintiff's property on multiple occasions but have not had any return messages from him." (Doc. # 24 at 1).

Federal Rule of Civil Procedure 55(c) governs setting aside defaults, and states: "For good cause shown, the court may set aside the entry of default, and if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)." Furthermore, the Eleventh Circuit has commented on the "good cause" required by Rule 55(c), Fed.R.Civ.P., stating, "Good cause is a mutable standard, varying from situation to situation.  It is also a liberal one – but not so elastic to be devoid of substance.  We recognize that good cause is not susceptible to a precise formula, but some general guidelines are commonly applied." <u>Compania Interamericana Export-import, S.A. v. Compania Dominicana de</u>

Aviacion, 88 F.3d 948, 951 (11th Cir. 1996)(internal citations omitted).  The Eleventh Circuit further provided the following list of factors that courts may consider in determining whether to set aside a default: "whether the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense." Id.  The Eleventh Circuit further noted that courts may also consider the public's interest in the dispute, whether there was significant financial loss to the defaulting party, and whether the defaulting party acted promptly to correct the default. Id.

Defendant has presented arguments on each factor named by the Eleventh Circuit in Compania Interamericana.  Significantly, Defendant asserts that it has not acted willfully or culpably as Defendant was not aware of the action until after the default had been entered.  In addition, Defendant contends that Clay County Port, Inc. will not be damaged by setting aside the default because the vessel remains in the custody of Clay County Port, Inc., and "there would be no evidence lost by any party and there would not be any significantly delay in proceeding in this action." (Doc. # 24 at 2).  Further, Defendant argues that it has at least one meritorious defense – that Clay Count Port, Inc. was overcharging Defendant for dock space by at least 15%.  Also, Defendant correctly asserts that the public's interest is always served when actions are decided on their merits, rather than upon

technicalities, such as default. See Florida Physician's Co. v. Ehlers, 8 F.3d 780, 783 (11th Cir. 1993)("[D]efaults are seen with disfavor because of the strong public policy of determining cases on their merits.") Furthermore, Defendant posits that it will experience financial hardship if the default is not set aside, particularly because the value of the vessel far exceeds the amount of any judgment Plaintiff could obtain, the amount owed to Plaintiff is in dispute, and Plaintiff is in possession of the vessel.  Last, Defendant asserts that it acted with alacrity to address the default by contacting counsel immediately and filing the instant motion to set aside the default.

Plaintiff Clay County Port, Inc. has failed to address the arguments made by Defendant and urges this court to bypass the merits of the cause and enter a default judgment.

This Court is duty bound to reach the merits of cases such as the present one when possible.  In this case, Defendant's actions cannot be characterized as willful or culpable, Plaintiff will not be prejudiced by setting aside the default, Defendant should be permitted to answer the complaint and assert its defenses, the public has an interest in the adjudication of actions on their merits, the vessel's value exceeds the amount of any possible judgment Plaintiff could secure in this cause, and Defendant acted quickly and reasonably to correct the default.

Accordingly, this Court finds it appropriate to set aside the Clerk's default entered on October 23, 2007. (Doc. # 14). This action should be heard on the merits, and Defendant shall file an answer to the complaint within ten days of the date of this Order. The motion for default judgment (Doc. # 15) and motion for judicial sale (Doc. # 18) are denied.

Accordingly, it is hereby

**ORDERED, ADJUDGED** and **DECREED** as follows:

1. Defendant's Motion to Set Aside Default and Allow Answer (Doc. # 24) is **GRANTED.** Defendant shall file an answer to the verified complaint (Doc. # 1) within ten (10) days of the date of this Order.
2. The Clerk's Default (Doc. # 14) is set aside.
3. Clay County Port, Inc.'s Motion for Entry of Judgment by Default (Doc. # 15) is **DENIED**.
4. Clay County Port, Inc.'s Motion for Order of Sale of Vessel (Doc. # 18) is **DENIED**.

**DONE** and **ORDERED** in Chambers in Jacksonville, Florida, this <u>20th</u> day of November 2007.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record