**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION
"IN ADMIRALTY"**

CLAY COUNTY PORT, INC.,

        Plaintiff,

v.                                    Case No. 3:07-cv-828-J-34JRK

M/V ENDEAVOR, her engines, tackle,
apparel, etc., In Rem

        Defendant.
_____/

## REPORT AND RECOMMENDATION[1]

This cause is before the Court on the Motion for Entry of Order on Charging Lien (Doc. No. 80; "Motion") and the Renewed Motion for Entry of Order on Charging Lien (Doc. No. 81; "Renewed Motion"), filed by Jeffrey A. Blau, Esquire on May 27, 2009 and June 16, 2009, respectively. In the Motion and Renewed Motion, Mr. Blau, on behalf of Davis Island Law, seeks an order imposing on the M/V Endeavor a charging lien under Florida law for attorney's fees. The owner of the M/V Endeavor, Alexander McLaren, opposes the Motion and Renewed Motion. See Post-Hearing Brief of Alexander McLaren on the Subject of Charging Lien (Doc. No. 89), filed August 3, 2009.

The issue is whether a charging lien under Florida law should be imposed on the vessel M/V Endeavor to secure an alleged debt owed by Mr. McLaren for Mr. Blau's legal

---

[1] Specific, written objections may be filed in accordance with 28 U.S.C. § 636 and Rule 6.02, Local Rules, United States District Court, Middle District of Florida, within ten (10) days after service of this document. Failure to file timely objections may bar the party from a de novo determination by a district judge and from attacking factual allegations on appeal. See 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

fees when Mr. McLaren did not agree to pay the fees from the proceeds of the case, and there are no proceeds resulting from Mr. Blau's legal services. For the reasons explained herein, the undersigned recommends that the requests for a charging lien be denied.

## **I. Background**

On August 29, 2007, Clay County Port, Inc. ("Clay County Port") filed a Complaint (Doc. No. 1) against the vessel M/V Endeavor, in rem. In the Complaint, Clay County Port alleged it was owed $113,848.28 for dockage and other necessaries as of August 2007. Clay County Port asserted a federal maritime lien against the M/V Endeavor for this amount. See Complaint. Based on the allegations in the Complaint, the M/V Endeavor was arrested. See Order (Doc. No. 5); Notice of Proof of Publication (Doc. Nos. 9 and 10). On October 23, 2007, the Clerk of Court entered default against the M/V Endeavor. See Entry of Default (Doc. No. 14). On October 26, 2007, Clay County Port moved to sell the M/V Endeavor and to use the proceeds to satisfy the debt owed to Clay County Port. See Clay County Port, Inc.'s Motion for Sale of Vessel (Doc. No. 18).

On November 12, 2007, Mr. Blau filed a Notice of Appearance (Doc. Nos. 21, 22, 23)[2] on behalf of the M/V Endeavor, and Mr. Blau moved to set aside the default. See Motion to Set Aside Default and Allow Answer (Doc. No. 20). On November 20, 2007, the Court set aside the clerk's default. See Order (Doc. No. 26). On November 21, 2007, the Answer of Defendant Vessel, M/V Endeavor was filed (Doc. No. 27).

---

[2] On November 12, 2007, the Notice of Appearance was filed incorrectly twice (Doc. Nos. 21 and 22). On November 13, 2007, the Notice of Appearance was filed correctly (Doc. No. 23).

On November 24, 2008, the Court was informed that the parties had reached a settlement. See Plaintiff's Response to Court's September 16, 2008 Order and on the Status of Settlement Discussions (Doc. No. 51). Mr. McLaren, as owner of the M/V Endeavor, was required to pay Clay County Port $110,000.00. See Report of Mediator of Conditional Settlement (Doc. No. 52) at 1. Mr. McLaren was also required to execute a new docking agreement, provide proof of insurance on the M/V Endeavor, execute the settlement agreement, and execute a release of all claims. Id.

On December 18, 2008, Mr. Blau's law firm, Davis Island Law, filed a Notice of Attorney's Charging Lien (Doc. No. 54; "First Notice of Charging Lien"). In the First Notice of Charging Lien, Davis Island Law stated that the owner of the Defendant Vessel, Mr. McLaren, owed Davis Island Law $15,505.00 for legal fees in connection with the instant case. See First Notice of Charging Lien at 1. Davis Island Law also asserted a right to the imposition of a lien under state law against the M/V Endeavor to secure payment of the legal fees from Mr. McLaren. See id.

Sometime prior to December 30, 2008, Mr. McLaren paid Clay County Port the sum due and entered into the agreements. See Plaintiff's Motion for Dismissal and Plaintiff's Response to Court's December 15, 2008 Order (Doc. No. 55) at 1. Although Mr. McLaren was unable to obtain insurance on the vessel, Clay County Port went forward with its motion for voluntary dismissal, noting that Defendant M/V Endeavor did not respond to a request to sign a stipulation of dismissal. See id. at 1-2. The Plaintiff's Motion for Dismissal was taken under advisement, and Defendant M/V Endeavor was directed to respond. See Order (Doc.

No. 57). Davis Island Law responded that dismissal was not appropriate until the issue of the charging lien was resolved. See Response to Order of January 6, 2009 (Doc. No. 58).

On January 26, 2009, Clay County Port and Defendant M/V Endeavor jointly moved for dismissal. See Joint Motion for Dismissal of the Plaintiff's Action, Release of the Vessel but Retention of Jurisdiction on the Issue of the Attorney's Charging Lien Between the Defendant Vessel and the Defendant Vessel's Attorneys (Doc. No. 60; "Joint Motion to Dismiss"). On February 24, 2009, the Honorable Marcia Morales Howard, United States District Judge, entered an Order dismissing this case with prejudice, directing that the United States Marshal's Service release Defendant Vessel upon confirmation of payment of fees and costs, and retaining jurisdiction for the limited purpose of determining the issues related to the charging lien asserted by Davis Island Law. Order (Doc. No. 64) at 2. The issue of the charging lien was referred to the undersigned for the issuance of a report and recommendation regarding the validity and amount of any charging lien. See id. at 2-4. On April 2, 2009, Mr. Blau filed an Affidavit as to Attorney's Fees (Doc. No. 69), which in effect is an Amended Notice of Lien, stating that additional work in the case had increased his fee to $20,807.50.

On April 21, 2009, the undersigned held a hearing to determine the validity and amount of any charging lien. See Minute Entry (Doc. No. 74). Because the proffers of the parties conflicted, sworn testimony was taken. Mr. Blau called Bruce Helmich as a witness, and Mr. Helmich testified as follows. Mr. Helmich has been employed as a legal clerk by Mr. Blau for ten years. Mr. Helmich acted as an intermediary between Davis Island Law and Mr. McLaren. Mr. Helmich explained that he and Mr. McLaren have known each other for forty-

one years, that they interacted socially during that time, and that they had discussed the M/V Endeavor prior to the commencement of this case. Mr. Helmich testified that Mr. McLaren contacted him in November or December 2007, when Mr. McLaren learned that Clay County Port had filed the Complaint in the instant case; at that time, Davis Island Law was already assisting Mr. McLaren in a State Court lawsuit that had been commenced by Mr. McLaren against Clay County Port ("State Court Case"). In the initial conversations regarding legal representation in these matters, there was no discussion between Mr. McLaren and Mr. Helmich with respect to fees for the services that would be performed, it then appearing these matters would not be complicated or time consuming. In addition to and separate from this case, Davis Island Law was working with Mr. McLaren with respect to lobbying efforts in the Florida Legislature to obtain a lease to salvage an ancient wreck in Florida waters.

Mr. Helmich explained that Davis Island Law soon realized this case would not be as simple as first anticipated. Sometime between December 2007 and February 2008, over the course of one or two conversations, Mr. Helmich discussed the issue of fees with Mr. McLaren. Mr. Helmich testified he informed Mr. McLaren that Davis Island Law would require payment for the legal services, and Mr. McLaren indicated his acceptance. According to Mr. Helmich, Mr. McLaren agreed to pay Davis Island Law a total of $7,000.00 or $7,500.00[3] for legal fees and expenses in this case. Mr. Helmich told Mr. McLaren that $4,000.00 of the fee would be used in connection with the ongoing lobbying efforts in the Florida Legislature, which stood to benefit Mr. McLaren. Mr. Helmich also explained there was a separate

---

[3] Mr. Helmich was unsure as to whether the agreement was for a total of $7,000.00 or $7,500.000. Mr. Helmich also testified that there was to be no fee for the State Court Case; that is, the entire fee was for the instant case.

project[4] that would require the use of a vessel similar to the M/V Endeavor. Mr. Helmich told Mr. McLaren that Mr. McLaren would have the opportunity to become involved in that project and would be paid for the use of the M/V Endeavor.

Mr. Helmich testified this agreement was never memorialized in writing or confirmed by letter, although Mr. Blau's normal practice is to prepare a written contract. Mr. Helmich explained that the normal practice was not followed in this case because of Mr. Helmich's relationship with Mr. McLaren.

During his testimony, Mr. Helmich stated that Davis Island Law performed legal work on behalf of the M/V Endeavor in connection with this case. Mr. Helmich explained that, based on his conversations with Mr. McLaren, he understood that Mr. McLaren believed Clay County Port was overcharging the M/V Endeavor for dockage, and that Mr. McLaren's goal was to pay the past-due dockage at a reduced rate. Mr. Helmich testified that, during a conversation shortly before the mediation conference that was held in August 2008, Mr. Helmich mentioned the outstanding legal fees to Mr. McLaren. Mr. Helmich testified that Mr. McLaren was surprised and responded at that time that he did not remember any previous discussion regarding a $7,000.00 or $7,500.00 fee arrangement.

Mr. Helmich also testified that Davis Island Law originally administered this case as a flat-fee case. However, after Mr. McLaren refused to pay the flat fee, Mr. Helmich performed an "autopsy" of the case file to ascertain the time Davis Island Law had spent on the case. Based on Mr. Blau's understanding of what Florida law allows when a client

---

[4] It appears this project involved the salvage of an ancient vessel and may have been related to the lobbying efforts in the Florida Legislature.

-6-

refuses to honor a flat-fee agreement, Davis Island Law is now charging a fee based on an hourly rate for the time spent on this case.

Also at the April 21, 2009 hearing, Mr. McLaren testified on his own behalf as follows.[5] Mr. McLaren stated he never had a conversation with Mr. Helmich between December 2007 and February 2008 in which he agreed to pay $7,000.00 or $7,500.00 for legal fees in this case. Mr. McLaren testified that sometime between September and October 2007, he proposed to Mr. Helmich that there be an exchange of services; that is, the legal services of Davis Island Law would be provided in exchange for the services of the M/V Endeavor, and Mr. Helmich responded this proposal would be "alright." Mr. McLaren testified that the only time he was asked for money was twelve days before the mediation in September 2008.[6] Mr. McLaren stated that he was surprised when he was asked for $7,000.00 or $7,500.00 in fees and responded that he would pay for Davis Island Law's expenses, but not its fees.

Mr. McLaren explained that, as early as three years prior to the commencement of this case, he, Mr. Helmich, and Mr. Blau had discussed funding a lobbying effort to persuade the Florida Legislature to open up a certain area in Florida waters for salvage diving. Mr. McLaren testified that he never affirmatively agreed to pay for the lobbying effort, although he had discussed it with Mr. Helmich previously. Mr. McLaren's understanding was that the lobbying effort was unrelated to the present case, and that the lobbying effort would cost Mr. McLaren $4,000.00.

---

[5] Mr. McLaren also filed the Brief of Alexander McLaren on Subject of Charging Lien (Doc. No. 75) in open Court on his own behalf.

[6] According to the Report of Mediator of Conditional Settlement (Doc. No. 52), the mediation conference was conducted on August 25, 2008.

-7-

Mr. McLaren further stated that, prior to the mediation conference, Mr. Helmich asked him for payment of $7,000.00 or $7,500.00 in the form of two checks: one in the amount of $4,000.00 payable to Mr. Helmich; and one in the amount of $3,000.00 or $3,500.00 payable to Mr. Blau. According to Mr. McLaren, the notion that the entire $7,500.00 was for fees in this case was not raised until after the mediation conference. Mr. McLaren surmises that Mr. Helmich's effort to connect the $3,000.00 or $3,500.00 fee for legal services in this case to the $4,000.00 fee for lobbying services in the Florida Legislature is an effort to obtain the money for the lobbying effort through a fee in this case.

At the conclusion of the hearing, Mr. Blau was directed to submit a supplemental memorandum by May 8, 2009, and Mr. McLaren was directed to submit a responsive memorandum by May 26, 2009. Order (Doc. No. 76) at 1-2. The parties agreed that Mr. McLaren would email his response to Mr. Blau, who would then file Mr. McLaren's responsive memorandum with the Court electronically. Id.

On May 5, 2009, Mr. Blau filed his Memorandum on Issue of Attorney's Lien and Fees (Doc. No. 78; "Mr. Blau's Memorandum"). Also on May 5, 2009, Mr. Blau filed a Second Amended Notice of Attorney's Charging Lien (Doc. No. 79; "Second Notice of Charging Lien"), in which he states that his fee for the work performed in this case is $25,165.00.

On May 27, 2009, Mr. Blau filed a Motion for Entry of Charging Lien (Doc. No. 80), pointing out that Mr. McLaren had not filed a responsive memorandum by May 26, 2009, as the Court directed. See Order (Doc. No. 76). Mr. Blau sought the entry of an order granting him the charging lien based on Mr. McLaren's failure to file a responsive memorandum. See Motion for Entry of Charging Lien. As Mr. Blau's legal entitlement to a charging lien was not

clear, the Court did not immediately rule on the Motion for Entry of Charging Lien because the matter required additional consideration.

On June 16, 2009, Mr. Blau filed a Renewed Motion for Entry of Order on Charging Lien (Doc. No. 81), bringing to the Court's attention that Mr. McLaren still had not filed a memorandum of law. The Court directed Mr. McLaren to file his responsive memorandum by July 6, 2009 and show cause why it should be considered despite its tardiness. See Order (Doc. No. 82).

On July 6, 2009, the Post-Hearing Brief of Alexander McLaren on the Subject of Charging Lien (Doc. No. 85) was filed. Mr. McLaren was directed to refile this document because it did not contain the signatures required by Rule 11, Federal Rules of Civil Procedure. See Order (Doc. No. 88). The Post-Hearing Brief of Alexander McLaren on the Subject of Charging Lien (Doc. No. 89; "Mr. McLaren's Post-Hearing Memorandum") has now been refiled with signatures. Attached to Mr. McLaren's Post-Hearing Memorandum are two sworn declarations: the Declaration of Alexander McLaren in Response to [Order] to Show Cause; and the Declaration of James A. Ostlund, M.D., Mr. McLaren's physician. See Mr. McLaren's Post-Hearing Memorandum, Exs. A and B. The declarations of Mr. McLaren and Dr. Ostlund indicate that Mr. McLaren is experiencing a relapse of a chronic illness from which he has suffered for more than a decade. See id. According to Dr. Ostlund, this chronic illness has compromised Mr. McLaren's cognitive abilities, resulting in the extremely late filing of Mr. McLaren's Post-Hearing Memorandum. See id., Ex. B. Based on the representations in the sworn declarations, it appears appropriate to consider Mr. McLaren's Post-Hearing Memorandum despite its tardiness.

**II.  Discussion**

At the outset, it is important to clarify precisely what Mr. Blau is seeking.  Mr. Blau is not seeking a lien for "necessaries" under federal maritime law so that he may proceed against the M/V Endeavor in rem.  See 46 U.S.C. § 31342 (granting to a person who provides "necessaries" to a vessel a maritime lien on the vessel that may be enforced in rem); see also Bradford Marine, Inc. v. M/V Sea Falcon, 64 F.3d 585, 589 (11th Cir. 1995) (holding that legal fees are not "necessaries").  Rather, Mr. Blau seeks a charging lien under Florida law for attorney's fees owed by Mr. McLaren for services provided in connection with this case.  See First Notice of Charging Lien; Mr. Blau's Memorandum at 8-9.  Under Florida common law, a charging lien is "an equitable right to have costs and fees due an attorney for services in the suit secured to him in the judgment or recovery in that particular suit."  Sinclair, Louis, Siegel, Heath, Nussbaum & Zavertnik, P.A. v. Baucom, 428 So.2d 1383, 1384 (Fla. 1983).  The charging lien "serves to protect the rights of the attorney."  Id.[7]

Under Florida law, there are four requirements an attorney must show to impose a charging lien: "(1) an express or implied contract between attorney and client; (2) an express or implied understanding for payment of attorney's fees out of the recovery; (3) either an

---

[7]  It does not appear that federal maritime law would necessarily prohibit Mr. Blau from pursuing a charging lien against the vessel pursuant to State law under the facts presented.  Although 46 U.S.C. § 31307 provides, "This chapter supersedes any State statute conferring a lien on a vessel to the extent the statute establishes a claim to be enforced by a civil action in rem against the vessel for necessaries," that section does not apply here for three reasons.  First, charging liens under Florida law are conferred by common law, not by statute.  Baucom, 428 So.2d at 1384-85.  Second, charging liens under Florida law do not establish claims to be enforced in rem against vessels for necessaries.  See id. at 1384.  Third, the imposition of a charging lien under Florida law would not appear to offend or conflict with any federal maritime policy, at least under the circumstances presented here.  Although the matter is not entirely free from doubt, it does not appear that federal maritime law prevents Mr. Blau from attempting to obtain a charging lien under Florida law.

avoidance of payment or a dispute as to the amount of the fees; and (4) timely notice." Daniel Mones, P.A. v. Smith, 486 So.2d 559, 561 (Fla. 1986).

In addition, Florida courts have consistently insisted that there be "tangible fruits of services" to which the charging lien can attach. See, e.g., Noel v. Sheldon J. Schlesinger, P.A., 984 So.2d 1265, 1266-67 (Fla. 4th DCA 2008); Mitchell v. Coleman, 868 So.2d 639, 641 (Fla. 2d DCA 2004); Correa v. Christensen, 780 So.2d 220, 220-21 (Fla. 5th DCA 2001); Pasin v. Kroo, 412 So.2d 43, 44 (Fla. 3d DCA 1982). "[T]o support the imposition of a charging lien, [it is not enough] that an attorney has provided his services; the services must, in addition, produce a positive judgment or settlement for the client, since the lien will attach only to the tangible fruits of the services." Litman v. Fine, Jacobson, Schwartz, Nash, Block & England, P.A., 517 So.2d 88, 91-92 (Fla. 3d DCA 1987); see also Richman Greer Weil Brumbaugh Mirabito & Christensen, P.A. v. Chernak, 991 So.2d 875, 878 (Fla. 4th DCA 2008) (citation omitted).

Assuming arguendo that there was an express or implied contract for legal services between Davis Island Law and Mr. McLaren, a charging lien is not appropriate in this case for two reasons: (1) Davis Island Law has not shown that there was an express or implied understanding for payment of its fees out of the recovery; and (2) there were no "tangible fruits of services" in this case to which a charging lien can attach.

First, Davis Island Law has failed to show that Mr. McLaren agreed to pay its fees from the proceeds of this case. There is no evidence showing any understanding, either express or implied, that payment of fees would come out of any recovery. Therefore, Davis Island

Law has not made the requisite showing with respect to the second element set out in Daniel Mones. See 486 So.2d at 561.

Second, Davis Island Law's services produced no tangible fruits. Davis Island Law did not win a settlement resulting in proceeds owing to Mr. McLaren to which a lien can attach, and "[n]o lien may . . . arise where there have been no proceeds recovered in the suit as to which the services are claimed." Chancey v. Bauer, 97 F.2d 293, 294 (5th Cir. 1938).[8] Mr. Blau accurately summarizes the case law as follows:

> Courts have steadfastly held that it [i]s not enough for an attorney to merely "defend[ ] the property" of [the] client. In such a situation there can be no charging lien since the attorney has not produced anything of value upon which to enforce the lien and thus there [a]re no "positive results."

Mr. Blau's Memorandum at 7-8 (citations omitted).

Recognizing "[t]hese cases appear to block any attempt to enforce [Mr. Blau's] charging lien," Mr. Blau nonetheless argues there were tangible fruits here based on the results he obtained in the State Court Case referenced supra at 4-5. Id. at 8-9. Mr. Blau asserts that the settlement in this case involved resolution of negligence claims for damages to the M/V Endeavor in the State Court Case. Id. According to Mr. Blau, Clay County Port was motivated to demand a global settlement in this case to resolve Mr. McLaren's potential claims in the State Court Case for damages to the M/V Endeavor. Id. at 9.

Mr. Blau's argument ignores the fact that his client essentially lost the instant case. The Report of Mediator of Conditional Settlement (Doc. No. 52) does not specifically refer to the State Court Case, but the settlement did require Mr. McLaren to pay Clay County Port

---

[8] Decisions of the former Fifth Circuit handed down on or before September 30, 1981 are binding on district courts in the Eleventh Circuit. Bonner v. City of Prichard, Ala., 661 F.2d 1206, 1209 (11th Cir. 1981).

$110,00.00. The amount demanded in the Complaint filed on August 29, 2007 was $113,848.28. See Complaint (Doc. No. 1).

Moreover, the value "of services rendered in one suit cannot be included in a judgment establishing the lien of an attorney for his fees on property recovered by his client in a different suit." Chancey, 97 F.2d at 294. Mr. Blau's representation was defensive in this case. Mr. McLaren was never in a position to expect a recovery in this case, and he recovered nothing in this case. Cf. United States v. Knauth, 183 F.2d 874, 878 (5th Cir. 1950) (observing that a lawyer's work had created no funds, and no charging lien could arise because the lawyer's services "were of a defensive character throughout") (citing Chancey, 97 F.2d at 294). Mr. Blau has failed to show that his services in this case produced any fruits to which a lien can attach.

### III. Conclusion

Mr. Blau has not shown that there was an agreement or understanding that proceeds from this case would be used to pay his fees. Nor has he shown that his services produced in any tangible fruits. There is no evidence suggesting Mr. McLaren agreed that Davis Island Law would obtain a lien on the M/V Endeavor for Mr. Blau's services. Therefore, Mr. Blau has not shown that he is entitled to a charging lien in this case. This conclusion is bolstered by the fact that Mr. Blau has cited no cases in which a charging lien has been imposed under circumstances similar to those presented here.

For the reasons stated herein, it is

**RECOMMENDED:**

1. That the Motion for Entry of Order on Charging Lien (Doc. No. 80) be **DENIED**.

2. That the Renewed Motion for Entry of Order on Charging Lien (Doc. No. 81) be **DENIED**.

**RESPECTFULLY RECOMMENDED** at Jacksonville, Florida on August 6, 2009.

*James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

jdf

Copies to:

Honorable Marcia Morales Howard
United States District Judge

Counsel of Record

Alexander McLaren
1904 7th Street
Anacortes, Washington 98221